◈AO 245B   (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

__SOUTHERN__   District of __NEW YORK__

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-5-10

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| LIAM LEAVEY | Case Number:   09 CR 523 DAB |
| | USM Number:   62329-054 |
| | DANIEL RUSSO |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   **ONE ON NOVEMBER 2, 2009 BEFORE MAGISTRATE JUDGE KATZ.**

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1349 | WIRE AND BANK FRAUD | JAN. 2007 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) _____ ☐ is   are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

APRIL 12, 2010
Date of Imposition of Judgment

_Deborah A. Batts_
Signature of Judge

DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

May 5, 2010
Date

DEFENDANT: **LIAM LEAVEY**
CASE NUMBER: 09 CR 523-13 DAB

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**TIME SERVED.**

**The Defendant is notified of his right to appeal.**

The court makes the following recommendations to the Bureau of Prisons:

The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____.

   ☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. _____.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **LIAM LEAVEY**
CASE NUMBER: **09 CR 523-13 DAB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

# THREE YEARS.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT:      LIAM LEAVEY
CASE NUMBER:    09 CR 523-13 DAB

## SPECIAL CONDITIONS OF SUPERVISION

The Defendant shall be tested periodically at the direction of the Department of Probation for substance abuse, and should he test positive, he shall participate in a substance abuse prevention program, be it residential or non-residential, as directed by the Department of Probation.

DEFENDANT: **LIAM LEAVEY**
CASE NUMBER: **09 CR 523-13 DAB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ NO FINE | $ NO RESTITUTION |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:09-cr-00523-DAB   Document 129   Filed 05/05/10   Page 6 of 9

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

**DEFENDANT:** LIAM LEAVEY
**CASE NUMBER:** 09 CR 523-13 DAB

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

**The Defendant shall pay a special assessment of $100 within 60 days of entry of judgment.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

    The defendant shall forfeit the defendant's interest in the following property to the United States:
    **FORFEITURE ORDER IS ATTACHED**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-12-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
 :
UNITED STATES OF AMERICA
 :
   -v.-
 :
LIAM LEAVEY,
 :
           Defendant.
 :
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-12-10

ORDER OF FORFEITURE

09 Cr. 523 (DAB)

   WHEREAS, on or about May 21, 2009, LIAM LEAVEY (the "defendant"), among others, was charged in a fifteen-count Indictment 09 Cr. 523 (DAB) (the "Indictment") with conspiring to commit bank and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Seven and Eight);

   WHEREAS, the Indictment included a forfeiture allegation seeking, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982 and 28 U.S.C. § 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses alleged in the Indictment, including but not limited to:

   a.  At least $10,000,000 in United States currency, in that such sum in aggregate is property representing the approximate amount of proceeds obtained as a result of the bank and wire fraud offenses, for which the defendants are jointly and severally liable;

   WHEREAS, on or about November 2, 2009, the defendant pled guilty to Count One of the Indictment and agreed to forfeit

a sum of money equal to $25,000 in United States currency (the "Money Judgment");

WHEREAS, on April 12, 2010, the defendant was sentenced;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Indictment, to which the defendant pled guilty, a Money Judgment in the amount of $25,000 shall and hereby is entered against the defendant.

2. Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is final as to the defendant and is deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

3. Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property,

including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

     5.    All payments on the outstanding judgment shall be made by Postal money order, bank or certified check, made payable, in this instance to the "United States Marshal Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrews Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

     6.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

     7.    The Clerk of the Court shall forward two certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
      April 12, 2010

                            SO ORDERED:

                            *Deborah A. Batts*
                            HONORABLE DEBORAH A. BATTS
                            UNITED STATES DISTRICT JUDGE