AO 245B    (Rev. 09/08) Judgment in a Criminal Case
vI         Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| JAKOB GEARWAR | ) | Case Number:  S1 09 cr 523-05 (DC) |
|  | ) | USM Number: 62337-054 |
|  | ) | Winston Lee, Esq. |
|  | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1, 2 & 3 of the Superseding Information.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| T 18 USC § 1349 | Conspiracy to commit wire fraud & bank fraud | | S1 |
| T 18 USC 1343 & 2 | Wire Fraud | | S2 |
| T 21 USC § 846 | Conspiracy to distribute and possess with intent to distribute Cocaine, Percocet and Vicodin | | S3 |

☐ See additional count(s) on page 2

   The defendant is sentenced as provided in pages  2  through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   The Underlying Indictment      ☑ is    ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 8, 2011
Date of Imposition of Judgment

_Signature of Judge_

Denny Chin, U.S.C.J. sitting by designation
Name of Judge                    Title of Judge

1-11-2012
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/12

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
v1         Sheet 2 — Imprisonment

Judgment Page: 2 of 8

DEFENDANT: JAKOB GEARWAR
CASE NUMBER: S1 09 cr 523-05 (DC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Time Served on each count to run concurrently. The defendant is to be returned to the custody of Suffolk County, New York.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before    on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
v1         Sheet 3 — Supervised Release

DEFENDANT: JAKOB GEARWAR  
CASE NUMBER: S1 09 cr 523-05 (DC)

Judgment Page: 3 of 8

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
**three years on each count to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemnt agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
vl         Sheet 3C — Supervised Release

DEFENDANT: JAKOB GEARWAR                                             Judgment Page: 4 of 8
CASE NUMBER: S1 09 cr 523-05 (DC)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

3. The defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. The defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pat or availability of the third-party payment.

4. The defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may include testing via breathalyzer at the direction and discretion of the probation officer.

5. The defendant shall participate in a mental health program approved by the U.S. Probation Office. The defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider. The defendant shall contribute to the costs of services rendered not covered by third-party payment, if the defendant has the ability to pay. The Court authorizes the release of available psychological and psychiatric evaluations and reports to the health care provider.

6. The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

7. The defendant is to report to the nearest Probation Office within 72 hours of release from custody of Suffolk. County, New York.

8. The defendant is to be supervised by the district of residence.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case  
v1          Sheet 5 — Criminal Monetary Penalties

DEFENDANT: JAKOB GEARWAR  
CASE NUMBER: S1 09 cr 523-05 (DC)

Judgment Page: 5 of 8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ | $ 461,114.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgement in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, U.S. District Court for the SDNY for disbursement to: | | | |
| FDIC Restitution Payments | | $461,114.00 | |
| P.O. Box 971774 | | | |
| Dallas, Texas 75397-1774 | | | |
| **TOTALS** | $0.00 | $461,114.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the    ☐ fine    ☑ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
v1     Sheet 6 — Schedule of Payments

Judgment Page: 6 of 8

DEFENDANT: JAKOB GEARWAR
CASE NUMBER: S1 09 cr 523-05 (DC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☑ Lump sum payment of $ 300.00 due immediately, balance due

       ☐ not later than _____ , or
       ☑ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B    ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☑ Special instructions regarding the payment of criminal monetary penalties:

       The restitution payments shall commence while the defendant is incarcerated in accordance with the Bureau of Prisons regulations. Upon the defendant's release from custody, the restitution shall be paid in monthly installments of 10% of gross monthly income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

       Shaheid Bilal 10 cr 129 01-(DC)    This defendant sentenced on August 31, 2011.
       Rhonda Payne 10 cr 129-02 (DC)    To date, this defendant has not been sentenced.
       Richard Britt 10 cr 129-03 (DC)    This defendant sentenced on October 31, 2011.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
v1          Sheet 6A — Schedule of Payments

DEFENDANT: JAKOB GEARWAR                                                          Judgment Page: 7 of 8
CASE NUMBER: S1 09 cr 523-05 (DC)

# ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| SHAHEID BILAL; 10 CR 129-1<br>Sentenced on August 31, 2011 | $461,114.00 | $461,114.00 | |
| RHONDA PAYNE -10 CR 129-2.<br>TO DATE, THIS DEFENDANT HAS NOT<br>BEEN SENTENCED. | $461,114.00 | $461,114.00 | |
| RICHARD BRITT;10 CR 129-3<br>Sentenced on October 31, 2011 | $461,114.00 | $461,114.00 | |

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
v1         Sheet 5A — Criminal Monetary Penalties

DEFENDANT: JAKOB GEARWAR                                              Judgment Page: 8 of 8
CASE NUMBER: S1 09 cr 523-05 (DC)

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Pursuant to the Forfeiture order entered by this Court on December 8, 2011, the defendant is hereby ordered to forfeit $ 100,000.00 to the United States.